UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Oatly AB,

    Plaintiff,

v.

D's Naturals, LLC,

    Defendant.

Case No. 1:17cv840

Judge Michael R. Barrett

## **ORDER**

This matter is before the Court upon the July 20, 2018 Magistrate Judge's Report & Recommendation ("R&R") that the Partial Motion to Dismiss filed by Plaintiff-Counterclaim Defendant Oatly AB ("Oatly") be denied.

The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). On August 3, 2018, Oatly filed objections to the R&R. (Doc. 30). D's Naturals filed a Response to Oatly's objections. (Doc. 32).

In its Complaint, Oatly brings the following claims: infringement of its registered "WOW NO COW!" trademark under the Trademark Act of 1946 (the "Lanham Act"), as amended; unfair competition pursuant to 15 U.S.C. § 1125(a); and related claims under state law and common law. (Doc. 1). Defendant D's Naturals filed an answer and three counterclaims under the Lanham Act. (Doc. 7). D's Naturals' counterclaims stem from D's Naturals' allegation that Oatly intended to deceive the USPTO when it submitted its declaration in 2014 claiming a bona fide intent to use WOW NO COW! for all 30 goods

identified in its trademark application.

In its first counterclaim ("Cancellation or Partial Cancellation of Trademark Registration – No Bona Fide Intent to Use (15 U.S.C. §1119)"), D's Naturals claims that the Plaintiff's trademark WOW NO COW! is subject to cancellation for lack of bona fide intention to use the mark.

In its second counterclaim ("Cancellation or Partial Cancellation of Trademark Registration – Fraud on the USPTO"), D's Naturals' seeks cancellation or partial cancellation under 15 U.S.C. § 1119 based on a lack of bona fide intention to use the mark and adds that Oatly "submitted the false declaration with a willful intent to deceive the USPTO." (Doc. 7 at ¶¶ 21, 22).

D's Naturals brings its third counterclaim ("Civil Liability for False or Fraudulent Registration") under 15 U.S.C. § 1120, which provides: "Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof." D's Naturals alleges that Oatly procured its trademark "by a false or fraudulent representation or by false means as described above," and that as a result, "D's Naturals has suffered and continues to suffer damages in an amount to be determined." (Doc. 7 at ¶¶ 27-28).

D's Naturals sets forth all three of its counterclaims based upon "information and belief," citing its "reasonable investigation into Oatly's business and offerings," including product information listed on Oatly's international and U.S. websites. (Doc. 7 at ¶ 12). In its Partial Motion to Dismiss, Oatly moved to dismiss D's Naturals' second and third

counterclaims based on failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

In her R&R, the Magistrate Judge explained that the heightened pleading standard under Federal Rule of Civil Procedure 9(b) generally applies to D's Naturals' counterclaims. The Magistrate Judge concluded that under this standard, D's Naturals has adequately plead its counterclaims under 15 U.S.C. § 1119 and 15 U.S.C. § 1120.

Oatly maintains that each element of fraud must be pled with particularity under *San Juan Products v. San Juan Pools of Kansas, Inc.*, 849 F.2d 468 (10th Cir. 1988). The Magistrate Judge explained that even if the *San Juan* standard were applied, D's Naturals' counterclaims would be sufficiently pled.

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To plead fraud with particularity, the allegations must include "the time, place, and content of the alleged misrepresentation on which [the deceived party] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud[.]" *Holley Performance Prod., Inc. v. Quick Fuel Tech., Inc.*, No. 1:07-CV-00185-JHM, 2011 WL 3159177, at *3 (W.D. Ky. July 26, 2011) (quoting *United States ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503, 518 (6th Cir. 2009)). To succeed on a claim of fraudulent trademark procurement, the plaintiffs must plead and ultimately establish:

> (1) [a] ... false representation regarding a material fact; (2) the registrant's knowledge or belief that the representation is false (scienter); (3) the intention to induce action or refraining from action in reliance on the misrepresentation; (4) reasonable reliance on the misrepresentation; and (5) damages proximately resulting from such reliance.

*San Juan Products, Inc. v. San Juan Pools of Kansas, Inc.*, 849 F.2d 468, 473 (10th Cir.

1988).

As the Magistrate Judge explained, generally, allegations based on information and belief fail to satisfy the particularity requirement of Rule 9(b). However, an exception to this rule exists for matters that are peculiarly within the knowledge of the opposing party. In such a case, pleading upon information and belief is permissible, but the plaintiff must still plead a particular statement of facts upon which the belief is based. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489 (6th Cir.1990); *U.S. ex rel. Bledsoe v. Cmty. Health Sys.*, Inc., 501 F.3d 493, 512 (6th Cir. 2007) ("While fraud may be pled on information and belief when the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge, the plaintiff must still set forth the factual basis for his belief.").

As the Magistrate Judge found, Oatly alone possesses information on whether it had the capability and intention to produce the type of products in the U.S. that were specifically listed in its application for expansion of its international trademark. The Magistrate Judge also explained that D's Naturals had set forth the factual basis for the alleged fraud by pointing out the inconsistency between the list of products in the 2014 declaration submitted to the USPTO and the publicly available evidence of products Oatly has sold in the United States.[1] The Court finds no error in the Magistrate Judge's

---

[1]Specifically, in its Counterclaim, D's Naturals states:

D's Naturals' belief as to Oatly's use and intent to use its claimed mark, WOW NO COW!, is based on a reasonable investigation into Oatly's business and offerings. For example, Oatly's U.S. website, located at https://us.oatly.com, indicates that the only product it currently sells in the United States is oat milk. The U.S. website lists additional products that are not currently available in the United States but that are "coming to you soon." Yet that list does not include a number of items identified in U.S. Trademark Registration No. 5043246, such as bread, biscuits and pastry. Likewise, Oatly's international website, located at

4

analysis.

In its objections, Oatly raises a concern arising from the Madrid Protocol and Section 66(a) of the Trademark Act, which permits a foreign applicant to obtain a U.S. trademark registration without showing use of the mark. Oatly states that D's Naturals is attempting to disguise a non-use claim as a bona fide intent to use claim. However, as D's Naturals points out, Section 66(a) does require that a foreign applicant have a bona fide intent to use the mark in the United States for all identified goods and services. 15 U.S.C. § 1141f (a). D's Naturals' counterclaims are based on a lack of intent to use WOW NO COW!, not a failure to use. As the Magistrate Judge explained, at this stage of the pleadings, the Court is not determining whether evidence exists to support D's Naturals' claim that Oatly did not have bona fide intent to use its WOW NO COW! mark on the multitude of products listed on its application.

Based on the foregoing, the July 20, 2018 Magistrate Judge's R&R (Doc. 28) is **ADOPTED**. Accordingly, the Partial Motion to Dismiss filed by Plaintiff-Counterclaim Defendant Oatly AB (Doc. 16) is **DENIED**.

**IT IS SO ORDERED.**

> _/s/ Michael R. Barrett_
> JUDGE MICHAEL R. BARRETT

---

www.oatly.com, does not indicate that Oatly sells, has ever sold, or intends to sell those items anywhere in the world, let alone in the United States.

(Doc. 7, PAGEID# 72).

5