IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| OATLY AB, et al., | : | Case No. 1:17-cv-840 |
| | : | |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| D'S NATURALS LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

### ORDER OVERRULING OBJECTIONS (Doc. 81) AND AFFIRMING MAGISTRATE JUDGE'S MEMORANDUM OPINION AND ORDER (Doc. 80)

---

This case is before the Court on Defendant and Counterclaimant D's Naturals LLC's Objections (Doc. 81) to Magistrate Judge Stephanie K. Bowman's Memorandum Opinion and Order (Doc. 80) denying leave to file a First Amended and Supplemental Counterclaim.  As discussed below, the Court **OVERRULES** the Objections because the Magistrate Judge's ruling was neither clearly erroneous nor contrary to law.

I.   FACTS

The Magistrate Judge's Opinion and Order sets forth the following background, none of which is in dispute:

> In February 2018, the parties filed their joint Rule 26(f) report, agreeing to amend pleadings and/or add parties 2 months after the commencement of discovery, which translated to a deadline of April 7, 2018.  (Doc. 18 at 6).  On March 1, 2018, the Court entered a Calendar Order that adopted the parties' deadline for the amendment of pleadings.  (Doc. 21).  The conclusion of discovery was tied to a date six months after the Court's ruling on Oatly's motion to dismiss two of D's Naturals three original counterclaims.  On July 20, 2018, the undersigned recommended that Oatly's motion to dismiss be denied. (Doc. 28).  Over objections, the Court

> adopted that Report and Recommendation as the ruling of the Court on September 27, 2018. (Doc. 33).
>
> During the intervening months, the parties engaged in an unsuccessful court facilitated settlement conference. Based upon delays from the attempted mediation and the Court's ruling on Oatley's motion to dismiss, on October 18, 2018, the Court granted the parties' joint motion to extend many of the prior deadlines. (Docs. 35, 36). Critically, however, neither party ever sought to extend the deadline to amend their pleadings. The Court subsequently granted a second joint motion to continue deadlines (Docs. 37, 38), again without disturbing the long-expired deadline to amend the pleadings. Oatly later unilaterally moved to further amend the Calendar Order for some deadlines. (Doc. 40). Over D's Naturals strong opposition, the undersigned granted Plaintiffs' motion to further extend discovery and related expert disclosure deadlines. (Doc. 50).
>
> In September 2019, D's Naturals Chicago-based counsel withdrew and attorneys from a new firm entered their appearance. (Docs. 53-60). Shortly thereafter, the Court granted a joint motion for a final 21-day extension to complete previously scheduled depositions, along with a corresponding extension of the dispositive motion deadline to December 20, 2019. (Doc. 66 and Notation Order of 10/18/19).
>
> Just before the December 2019 dispositive motion deadline, new counsel for D's Naturals signaled its intention to seek leave to amend its counterclaims. (Doc. 68). In response, Oatly sought a further extension of the summary judgment deadline. Again over D's Naturals strong opposition, the Court extended the summary judgment deadline "until twenty-one (21) days following the date of filing of the Report and Recommendation disposing of D's Naturals' pending motion for leave to file supplemental and first amended counterclaims." (Doc. 73). […]

(Doc. 80 at PageID# 1446-47.)

On December 20, 2019, D's Naturals sought leave to amend its pleading (which contained three counterclaims) to include twelve additional counterclaims. Magistrate Judge Bowman found that D's Naturals failed to demonstrate good cause for modifying the Court's scheduling order to allow the proposed amendment under Rule 16 and denied the motion in its entirety. (Doc. 80.)

In its Objections, D's Naturals takes issue only with the determination that it had not shown good cause to add one of its new counterclaims. (Doc. 81.) That counterclaim is its proposed Counterclaim 4 for abandonment of Oatly's '246 mark. D's Naturals argues that the ruling on this counterclaim suffered from three specific errors. Specifically, it contends that Magistrate Judge Bowman (1) overlooked the standard applicable to pleading claims of abandonment by non-use against a Section 66(a) trademark registration; (2) misapplied Rule 15(d) of the Federal Rules of Civil Procedure; and (3) misconstrued D's Naturals' argument from a prior pleading related to abandonment. The Court addresses each of these asserted errors in turn below.

II. ANALYSIS

The Court must consider timely objections to a magistrate judge's decision on non-dispositive matters and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to any factual findings in Magistrate Judge Bowman's order, while legal conclusions may only be overturned under the "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992), aff'd, 19 F.3d 1432 (6th Cir. 1994) (table). A finding is "clearly erroneous" only when the reviewing court is left with the definite and firm conviction that a mistake has been made. *See In re Search Warrants Issued* Aug. 29, 1994, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (citations omitted). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gaskin v. United States*, 782 F. App'x 434, 435 (6th Cir.) (internal quotation marks omitted), cert. denied, 140 S. Ct. 566, 205 L. Ed. 2d 367 (2019) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

### A.    The Magistrate Judge applied the proper standard for pleading claims of abandonment.

D's Naturals' first argument is that the Magistrate Judge failed to properly apply the pleading standard for an abandonment claim under Section 66(a) of the Lanham Act. Section 66(a) permits the owner of an internationally registered trademark to apply for protection in the United States, which is the case here. *See* 15 U.S.C. § 1141h(a)(3). To plead a claim for abandonment of such a trademark, the claimant must allege, as of the date its claim is filed, either:

> (a) three or more consecutive years of nonuse commencing no earlier than the date on which the registration was issued; or,

> (b) if the period of non-use commencing no earlier than the date of registration and extending to the filing date of the claim is less than three years, facts supporting nonuse after the date of registration, coupled with an intent not to resume use.

*Dragon Bleu (SARL) v. Venm*, LLC, 112 U.S.P.Q.2d 1925 (T.T.A.B. 2014); *see also Nolan LLC v. TDC Int'l Corp.*, No. 06-14907, 2008 WL 11355576, at *2 (E.D. Mich. Mar. 31, 2008) ("Under Sixth Circuit law in order to succeed on a claim, or affirmative defense, of abandonment a party must prove the elements of both non-use and intent."). Thus, there are two ways to plead the claim. The claimant may plead either (1) that the mark has not been used for three years or more, at which point the law also presumes an intent not to use the mark in the future, or (2) that the mark has not been used for a period of less than three years and an intent not to resume use. All periods must commence after the date of registration.

Here, Oatly registered the '246 mark in September 2016. As of September 2019, it had not used the mark for three years. D's Naturals contends that it could not have pleaded a claim for abandonment before September 2019 because, before that date, it

4

did not possess facts regarding Oatly's intent not to use the mark. In other words, D's Naturals asserts that it was unable to plead an abandonment claim without the benefit of the presumption of intent triggered after three years of non-use.

The Magistrate Judge recognized the two different paths to pleading an abandonment claim. She noted that an abandonment claim may be plead "at any time" including based on "a period of nonuse of less than three years." (Doc. 80 at PageID# 1455, quoting *Koninkijke Philips Elecs. N.V. Hunt Control Sys.*, 2016 WL 3545529 at **10-11, 2016 U.S. Dist. LEXIS 84299 at *31 (D.N.J. June 29, 2016).) D's Naturals contends that this is an incorrect statement of law, *see* Doc. 81 at PageID# 1469, but it is a correct statement of law so long as the claimant also pleads an intent not to use the mark.

D's Naturals argues that it did not have the necessary facts to plead the requisite intent until after it completed document discovery and deposed Oatly's witnesses in December 2019, which also coincides with the three-year anniversary of the '246 mark's registration. This argument, however, incorrectly presumes that a party must have conclusive evidence of intent to plead a claim of abandonment. Under the federal rules, a party must plead facts sufficient to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Accord Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 126 USPQ2d 1494, 1497 (Fed. Cir. 2018). Under Fed. R. Civ. P. 9(b), "intent . . . may be alleged generally" in pleadings other than those involving fraud or mistake.

While it is not prudent to opine on what factual content would have been sufficient to withstand a motion to dismiss in this case, the Court may surmise from

cases that have come before the Trademark Trial and Appeal Board that possession of the defendant's internal corporate documents and deposition testimony are not required to plead intent not to resume use. *See, e.g.*, *Lewis Silkin, LLP v. Firebrand, LLC*, Trademark L. Guide P 63415 (C.C.H.), 2018 WL 7139511 (T.T.A.B. Dec. 21, 2018) (petition to cancel trademark alleging that respondent is not using the mark and has no intent to resume use states legally sufficient abandonment claim). *Cf. Dragon Bleu*, 112 U.S.P.Q.2d 1925, at *6 (T.T.A.B. 2014) (applicant failed to state a counterclaim for abandonment where it did not allege any intent not to resume use). Accordingly, the Magistrate Judge's determination that D's Naturals was dilatory in bringing its counterclaim for abandonment was neither clearly erroneous nor contrary to law.

    **B.    The Magistrate Judge's order is not contrary to Federal Rule of Civil Procedure 15(d).**

Rule 15(d) of the Federal Rules of Civil Procedure provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." D's Naturals argues that the Magistrate Judge erred in her analysis under Rule 15(d) by construing the reference to "any transaction, occurrence, or event" to mean "some type of factual change that could not have been contemplated or anticipated at the time the initial pleading was served." (Doc. 81 at PageID# 1472, quoting Doc. 80 at PageID# 1454.) D's Naturals argues that Rule 15(d) expressly permits supplementation to cure a defective pleading and, therefore, it must also permit supplementation to add claims or defenses that were not totally unforeseen at the time of the original pleading.

The Magistrate Judge's decision did not hinge on whether the availability of an abandonment claim was totally unforeseen. Rather, the Magistrate Judge observed that

Rule 15(d) is often used to permit supplementation where an event occurs that was not anticipated or contemplated at the time of the initial pleading. Here, however, the Court was not faced with that situation. More importantly, as the Magistrate Judge also observed, the Court was not faced with a claim that could not have been pled long before December 2019, on the eve of the dispositive motion deadline.

Rule 15(d) only permits supplementation "on just terms." The Magistrate Judge ultimately decided that permitting supplementation of D's Naturals' counterclaim at such a late stage of the litigation would not be just. In other words, her decision was consistent with Rule 15(d); it was not contrary to the rule.

### C. The Magistrate Judge's order does not misconstrue D's Naturals' statements from an earlier pleading.

D's Naturals' last argument is that the Magistrate Judge improperly found that it had previously made an "express disavowal of its intention to plead an abandonment claim much earlier in this litigation." (Doc. 81 at PageID# 1475, quoting Doc. 80 at PageID# 1457.) D's Naturals asserts that it "never disavowed, expressly or otherwise, any claim that might later have factual support." (*Id.*)

The Magistrate Judge referred to the parties' motion to dismiss briefing, in which they discussed the abandonment claim, to underscore the fact that D's Naturals was aware of that claim—and therefore could have pled it—much earlier in the litigation. The motion to dismiss was fully briefed in March 2018. At the parties' request, on March 1, 2018, the Court extended the deadline to amend the pleadings to two months after the beginning of discovery. As a result, D's Naturals was not only aware of the claim but had two months of discovery available to it before expiration of the deadline to amend its counterclaim. The Magistrate Judge's referral to D's Naturals' decision not to plead an abandonment claim earlier was not improper. To the contrary, the fact that

7

the delay in bringing the claim was a choice was relevant to her consideration of whether to grant leave to amend. As previously noted, an abandonment claim may be pled before the presumption of intent is triggered by three years of non-use.

### III. CONCLUSION

As the ruling on D's Naturals' motion to supplement or amend its counterclaims was neither clearly erroneous nor contrary to law, the Court **OVERRULES** D's Naturals' objections and **AFFIRMS** the Magistrate Judge's Memorandum Opinion and Order (Doc. 80).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND